IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| RANDY JOE NICHOLS, #149 910 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-615-MEF |
| | | (WO) |
| PRISON HEALTH CARE SYSTEMS, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In response to the complaint filed on July 13, 2006, by this prison inmate ("Plaintiff"), the court directed Defendants, on July 17, 2006, to file an answer and written report addressing Plaintiff's claims for relief. Defendants duly submitted answers and written reports, on August 28, 2006 and September 18, 2006, with evidentiary materials refuting Plaintiff's allegations.

In directing Plaintiff to respond to Defendants' written reports, the court (a) advised that his failure to respond would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**" and (b) "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. (Doc. No. 18.). (emphasis in original).

The time allotted Plaintiff for the filing of a response expired on October 17, 2006.

Plaintiff has filed nothing in opposition to Defendants' submissions. After review to determine whether less drastic sanctions than dismissal are appropriate, the court concludes readily that dismissal is the proper sanction. The imposition of monetary or other punitive sanctions against this indigent Plaintiff would be ineffectual. Moreover, Plaintiff's disregard of the court's instructions reflects both his lack of respect for this court and the likelihood of his non-compliance with any additional effort to secure his compliance. Consequently, dismissal is warranted based on Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to prosecute properly this cause of action. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

**It is, therefore, the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.**

It is further

**ORDERED** *that the parties file any objections to the Recommendation on or before* **November 6, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of October 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE